UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DYNEL BIENEMY | CIVIL ACTION |
| VERSUS | NO. 11-616 |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | SECTION "N" (2) |

## ORDER

Plaintiff, Dynel Bienemy, appeals to this court from the Commissioner of the Social Security Administration's denial of plaintiff's claims for disability insurance benefits and supplemental security income benefits. I previously granted plaintiff's unopposed "Motion to Correct the Transcript," Record Doc. No. 17, to add to the record six pages of medical records that were not in the record on which the ALJ based his decision. Citing Higginbotham v. Barnhart, 405 F.3d 332, 334 (5th Cir. 2005), Bienemy asserted in her motion that the Appeals Council had "considered" these medical records because she had summarized them in her brief to the Appeals Council. The Appeals Council stated in its denial of review that it had "considered the reasons you disagree with the [ALJ's] decision," but "found that this information does not provide a basis for changing the [ALJ's] decision." (Tr. 1-2). I granted the motion because the Commissioner did not oppose it and based on the Fifth Circuit's holding in Higginbotham that evidence which was submitted to and considered by the Appeals Council is part of the Commissioner's final decision. Record Doc. No. 19.

However, upon closer review of the administrative record, it appears that plaintiff never submitted the actual evidence itself to the Appeals Council, nor did she point out to the Appeals Council in her brief that some of the evidence she summarized in her brief was new and had <u>not</u> been considered by the ALJ. (Tr. 150-61). Bienemy's omissions have two effects: (1) at the administrative level, the Appeals Council considered only a summary description and did not actually review the new <u>evidence</u>, which it did not have, and (2) in this court, Bienemy must meet stringent legal requirements to supplement the record by showing that the omitted evidence was new and material and that she had good cause for failing to include it in the administrative record. 42 U.S.C. § 405(g); <u>Hunter v. Astrue</u>, 283 F. App'x 261, 262 (5th Cir. 2008) (citing <u>Latham v. Shalala</u>, 36 F.3d 482, 483 (5th Cir. 1994)); <u>Joubert v. Astrue</u>, 287 F. App'x 380, 383 (5th Cir. 2008) (citing <u>Ripley v. Chater</u>, 67 F.3d 552, 555 (5th Cir. 1995)).

This court may <u>not</u> issue factual findings on new medical evidence and may review such evidence only to determine if a remand to the Commissioner is appropriate. <u>Martinez v. Astrue</u>, 252 F. App'x 585, 587 (5th Cir. 2007) (citing 42 U.S.C.A. § 405(g); <u>Haywood v. Sullivan</u>, 888 F.2d 1463, 1471 (5th Cir. 1989)); <u>Ripley</u>, 67 F.3d at 555.

Bienemy has not addressed whether the evidence is new and material and whether she had good cause not to include it in the administrative record, and the Commissioner has had no chance to respond to any such argument. I find that the parties should be

given an opportunity to address these issues so that I may consider their arguments before I make my findings and recommendations in this matter. Accordingly,

**IT IS ORDERED** that, no later than **January 13, 2012**, plaintiff must file a supplemental memorandum that addresses whether the omitted evidence is new and material and whether she had good cause for her failure to include it in the administrative record. Defendant's response memorandum, if any, must be filed no later than **January 27, 2012**.

New Orleans, Louisiana, this ___9th___ day of December, 2011.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE